[No. 1731.]

## Ben Robinson v. The State.

Theft — Indictment — Case Stated.— The indictment in this case charged that the stolen animal was taken in Waller county from the possession of A., who was holding the same for T., the owner, without the consent of either of them, and that after the said taking the accused did bring the said animal into the county of Fort Bend "with the intent to deprive the said owner of the value of the property and appropriate the same to his own use," etc. *Held,* defective, because while charging the transportation of the stolen property to have been committed with the intent to deprive the owner of the value of the property, and to appropriate the same to his own use, it does not charge that the *taking* of the property was with such intents.

Appeal from the District Court of Fort Bend. Tried below before the Hon. W. H. Burkhart.

The conviction in this case was for the theft of a horse, the property of one Shad Thomas, held by one Robert Allen for the said owner. A term of five years in the penitentiary was the punishment assessed against the appellant.

*J. W. Parker,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for the theft of a mare. The charging part of the indictment is as follows: "That Ben Robinson, late of the county of Fort Bend, on or about the 1st day of November, 1883, with force and arms, in the county of Waller and State of Texas, did then and there unlawfully, wilfully and fraudulently take,

steal and carry away from and out of the possession of Robert Allen, who was holding the same for Shad Thomas, the owner thereof, without the consent of the owner as aforesaid, or Robert Allen, or either of them, the following described personal property, to wit: one certain mare of the horse species, of the value of $50. And after taking said mare as aforesaid did then and there bring and have said mare in Fort Bend county, Texas, on or about the 1st day of November, 1883, the property of the said Shad Thomas, with the intent to wilfully and fraudulently deprive the said owner of the value of said property and to appropriate the same to the use and benefit of him the said Ben Robinson," etc.

Theft is the fraudulent taking of property from the possession of the owner or some one holding the same for the owner. This is charged in the indictment. The taking must be without the consent of the owner or person holding the same. This is also charged. The *taking* must be with certain named intents, to wit: With intent to deprive the owner of the value of the property, and with the intent to appropriate the same to the use or benefit of the person taking. Does this indictment allege that the *taking* was with these *intents?* If not, it is fatally defective.

After charging that the mare was fraudulently taken in Waller county from the possession of Allen, who was holding the same for Thomas, the owner, without the consent of either, there is a period. The indictment continues: "And after taking said mare as aforesaid did then and there carry and have the said mare in Fort Bend county, Texas, on or about the 1st day of November, 1883. The property then and there of said Shad Thomas, with the intent to wilfully and fraudulently deprive the said owner of the value of said property, and to appropriate the same to the use and benefit of himself."

Now, what act was done by the defendant " with the intent to deprive the owner of the value of said property and to appropriate the same to the use and benefit " of defendant? Was it the act of taking said mare, or the act of bringing and having the mare in Fort Bend county? Evidently the latter,— the bringing and having the mare in Fort Bend county. But suppose this be doubtful? The indictment would be bad, for nothing can be taken by intendment.

We are of the opinion that the indictment is fatally defective and should have been quashed upon motion of defendant. The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered February 25, 1885.]